IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRY LEE WALLS, | § | |
| TDCJ-CID NO. 1247358, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-11-4050 |
| RICK THALER, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Terry Lee Walls, a state inmate proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge the revocation of his parole, his latest conviction, and the execution of the sentence in an earlier conviction. (Docket Entry No.1). For reasons to follow, the Court will dismiss this action.

DISCUSSION

In June 2004, petitioner was sentenced to twenty-five years confinement in TDCJ-CID in the 176th Criminal District Court of Harris County, Texas, following his conviction for possession of cocaine in cause number 982718.[1] Petitioner's conviction was affirmed on direct appeal and a petition for discretionary review was refused. *Walls v. State*, No.14-04-00895-CR (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd May 17, 2006). The Texas Court of Criminal Appeals denied his state habeas application challenging such conviction without written order on the trial court's findings without a hearing on December 12, 2007.[2] Petitioner filed another state habeas application challenging the same conviction, which the Texas Court of Criminal Appeals dismissed on July 27, 2011.[3]

---

[1] http://offender.tdcj.state.tx.us/POSdb2/offenderDetail.action?sid=01693713 (viewed December 12, 2011).

[2] http://cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2313832 (viewed December 12, 2011).

[3] http://cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2452720 (viewed December 12, 2011).

On June 2, 2008, petitioner was released on parole.  On July 9, 2010, plaintiff pled guilty and was convicted of aggravated robbery with a deadly weapon in the 179th Criminal District Court of Harris County, Texas, in cause number 1232870, for which he was sentenced to fifteen years in TDCJ-CID.  (Docket Entry No.1).  As a result of this conviction, petitioner's parole from the drug conviction was revoked in August 2010.  Petitioner provides no details regarding the revocation.  (*Id.*).  Petitioner did not appeal the aggravated robbery conviction, but on November 10, 2010, he filed a state habeas application, which is pending in state district court.[4]  Thereafter, on May 12, 2011, petitioner filed a federal habeas petition, seeking relief from the aggravated robbery conviction.  *Walls v. Thaler*, Civil Action No.4:11cv1816 (S.D. Tex.).  Such petition is presently pending in this Court.

On November 17, 2011, petitioner filed the present federal habeas petition. (Docket Entry No.1).  He seeks relief from the parole revocation hearing because he was not given notice; he also seeks federal habeas relief from the aggravated robbery conviction on the following grounds:

1.    The testimony given by Chemist James Harris was tainted because Harris was convicted of stealing cocaine from the Houston Police Department's crime lab in June 2010;

2.    A City of Houston Police Officer failed to lift the fingerprints of the passenger in petitioner's vehicle at the time of petitioner's arrest; and,

3.    TDCJ has not enforced the plea agreement that petitioner's two sentences would run concurrently.

---

[4] http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=qsxHYf5WT  (viewed December 12, 2011).

(*Id.*).  Petitioner indicates that he is presenting these claims for the first time in the present petition because they were not committed at the time of his last federal writ, which was filed on May 12, 2011.  (*Id.*).

   At first glance, the pending petition appears to be a second or successive petition. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (stating that second or successive petition is one that either "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition," or "otherwise constitutes an abuse of the writ"). Although petitioner claims otherwise, his pleadings show that the issues set out in the present action could have been raised in Civil Action No.4:11cv1816.  Nevertheless, to be "second or successive," the petition must be filed subsequent to the conclusion of a proceeding that counts as the first.  *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002).  "A petition that has reached final decision counts for this purpose."  *Id.*  While the present petition was filed after Civil Action No.4:11cv1816, it is not successive because Civil Action No.4:11cv1816 is an active case, *i.e.*, the proceedings in such case have not reached a final conclusion.

   Instead, the present petition is subject to dismissal because it is duplicative of the petition filed in Civil Action No.4:11cv1816.  A suit is duplicative if it involves the "same claims, parties, and available relief."  *Chrysler Credit Corp. v. Marino*. 63 F.3d 574, 578 (7th Cir. 1995).  Although the specific issues raised in the present petition differ from those in Civil Action No.4:11cv1816, the parties, the operative facts, the convictions, and the available relief in this action are the same as those in Civil Action No.4:11cv1816.

   "It has long been recognized that there is a 'power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants.'"  *Remington Rand Corp. v. Bus. Sys. Inc.*, 830 F.2d 1274, 1275-76 (3d Cir. 1987) (quoting *Landis v. N. Amer. Co*., 299 U.S. 248, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936)).  Therefore, a district court may dismiss an action when it is duplicative of another action filed in federal court.  *Id.*  Given the pendency of Civil Action No.4:11cv1816, this Court will exercise its inherent powers and dismiss the present petition as duplicative.

<u>CONCLUSION</u>

Because it is duplicative of another action, petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is DISMISSED without prejudice.  All pending motions, if any, are DENIED.

SIGNED at Houston, Texas, this 14th day of December, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE